FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 APR 12 AM 8: 25

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

NATIONAL ALLIANCE FOR
ACCESSIBILITY, INC., a Florida
not for profit corporation, and
DENISE PAYNE, Individually,

    Plaintiffs,
v.                CASE NO. 3:11-cv-240-J-20JBT

CONTINENTAL FOODS, INC. OF
FLORIDA, a Florida for profit corporation,

    Defendant.
_____/

## ORDER

  **THIS CAUSE** is before this Court on Defendant Continental Foods, Inc. of Florida's Motion for Dismissal, or, in the alternative, for Summary Judgment (Doc. 24, filed February 15, 2012); Plaintiffs National Alliance for Accessibility Inc. and Denise Payne's Motion for Leave to Conduct Second Rule 34 Inspection (Doc. 27, filed March 5, 2012); and Defendant's Response to Plaintiffs' Motion for Leave to Conduct Second Rule 34 Inspection (Doc.28, filed March 9, 2012).

**I. Background**

  On March 10, 2011, Plaintiffs National Alliance for Accessibility Inc. ("NAA") and Denise Payne ("Payne") (collectively "Plaintiffs") initiated this action against 8215 Dix Ellis, LLC, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, seeking declaratory and injunctive relief. On August 12, 2011, Plaintiffs filed an Amended Complaint (Doc. 18), which substituted Continental Foods, Inc. of Florida, owner and operator of the property, as Defendant in this suit.

The Amended Complaint alleges that Plaintiff Payne, a Florida resident and member of the NAA, qualifies as an individual with disabilities, as defined by the ADA. (Doc. 18 at 2). It is alleged that Plaintiff Payne visited the Defendant's property, a Denny's Restaurant, at 8215 Dixie Ellis Trail, Jacksonville, Florida 32256, some unspecified time prior to the filing of this suit and "encountered architectural barriers[,]" which denied Plaintiffs "access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility . . . ." (*Id.* at 2, 6). Specifically, the Amended Complaint alleges that parking spaces, entrance access and path of travel, access to goods and services, and restroom facilities are not in compliance with the ADA. (*Id.* at 4-5).[1]

In support of its motion, Defendant has submitted the affidavit of Mohamed "Jake" Yakoubi, Defendant's District Manager for North Florida from January 2, 2008 until September 2011, and Director of Operations for Florida from September 2011 to the present. (Doc. 24-1, filed February 15, 2012). Mr. Yakoubi states that he was notified that Defendant had plans to renovate the Dix Ellis Denny's, prior to 2011. (*Id.* at 3). Mr. Yakoubi represents that Food Service Concepts ("FSC") was contracted by Defendant for the remodel and it was his responsibility to oversee FSC's work on behalf of Defendant. (*Id.*). According to Mr. Yakoubi, the remodel was to be in compliance with Title III of the ADA. (*Id.*).

Mr. Yakoubi states that Defendant was not aware of its purported ADA violations until Plaintiffs filed the instant action, in March 2011. (*Id.*). Rather than challenging the alleged violations, Mr. Yakoubi asserts that Defendant elected to address them as part of the remodel. (*Id.*

---

[1] Though it fails to reference any specific code provision, the Amended Complaint also alleges that the barriers violate the Florida Accessability Code ("FAC"), the state complement to the ADA.

at 3-4). Accordingly, Plaintiffs arranged for their expert, Gene C. Mattera, to inspect the Dix Ellis Denny's, and complete a report on his findings. (*Id.* at 4). Mr. Yakoubi then forwarded a copy of the report to FSC and confirmed that all of the issues raised in the report would be accounted for in the remodel. (*Id.*).

Defendant has also submitted the affidavit of Kevin Killham, president of FCS. (Doc. 24-2, filed February 15, 2012). Therein, Mr. Killham affirms that FSC was retained by Defendant as the project manager for the Dix Ellis Denny's remodel, in December 2010. (*Id.* at 3). He declares that, in connection with its initial plans for the remodel, FSC was tasked with ensuring the property, in its post-remodel condition, would be compliant with the ADA. (*Id.*). Further, Mr. Killham states that in March 2011, FSC was provided a copy of the complaint in this action and requested to review the alleged ADA violations and ensure they were effectively addressed. (*Id.* at 4). According to Mr. Killham, he was asked to do the same in October 2011, when Defendant provided him a copy of Plaintiffs' expert inspection report. (*Id.*). Mr. Killham states that on both occasions he revised the plans for the remodel to eliminate the alleged access barriers. (*Id.*).

The remodel of the Dix Ellis Denny's was completed October 5, 2011. (*Id.*). Mr. Killham represents that, as of that date, every alleged ADA issue listed in Plaintiffs' complaint and expert inspection report had been addressed and was in compliance with the ADA. (*Id.* at 7). In addition to describing the post-remodel condition for each barrier alleged in the inspection report, Mr. Killham represents that the City of Jacksonville conducted an inspection of the post-remodel Dix Ellis Denny's and determined that the property was in compliance with the ADA. (*See id.* at 4-7, 11-12).

3

Defendant states that it notified Plaintiffs once the remodel was complete and invited them to re-inspect the property. (*See* Doc. 24-5, filed February 15, 2012). Nevertheless, Defendant maintains that counsel for Plaintiffs never responded to the offer prior to the close of discovery, on January 13, 2012.

## II. Discussion

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant requests that this Court dismiss Plaintiffs' claims on the grounds that they have become moot and this Court, therefore, no longer has subject matter jurisdiction over the case. In the alternative, Defendant argues that it is entitled to summary judgment, as Plaintiffs cannot establish they are entitled to any relief.

"Under Article III of the Constitution, federal courts may only hear 'cases or controversies.' A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *DiMaio v. Democratic Nat'l Comm.*, 555 F.3d 1343, 1345 (11th Cir. 2009); *see Flast v. Cohen*, 392 U.S. 83, 95 (1968) (noting that no justiciable controversy is presented "when the question sought to be adjudicated has been mooted by subsequent developments"). Thus, when a case is rendered moot, it falls outside the subject matter jurisdictions of the federal courts and must be dismissed.

Rule 12(b)(1) motions challenging a court's subject matter jurisdiction come in two forms: (1) a "facial" attack motion; and (2) a "factual" attack motion. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). A facial attack challenges the complaint based solely on the four corners of the complaint, with the court taking the facts alleged in the complaint as true. *Id.* On the other hand, a factual attack demurs subject matter jurisdiction irrespective of the pleadings, allowing a court to consider extrinsic evidence such as testimony and affidavits so long as the facts necessary

4

to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. *Id.* at 924-25; *Simplexgrinnell, L.P. v. Ghiran*, No. 2:07-cv-456-FtM-29DNF, 2007 WL 2480352, at *1 (M.D. Fla. Aug. 29, 2007). Here, since Defendant relies on extrinsic evidence and does not assert lack of subject matter jurisdiction solely on the basis of the pleadings, Defendant mounts a factual attack.

Plaintiffs offer no evidence to rebut the Defendant's position that all alleged barriers were eliminated during the renovation of the subject property. Instead, after the passage of the discovery deadline and the filing of Defendant's motion to dismiss, Plaintiffs now assert that they cannot "rebut or respond to Defendant's claims unless they are granted leave to conduct a follow up inspection, to ascertain the legitimacy of Defendant's claims." (Doc. 27 at 2). It is unclear, however, how Plaintiffs are able to support this position.

Plaintiffs do not deny that they received Defendant's November 18, 2011 email inviting them to conduct a second inspection. The email, sent nearly two months before the end of the discovery period, should have provided ample time to: 1) arrange an inspection; 2) seek an extension of the discovery deadline if the inspection could not be completed in time; or 3) file a motion to compel if Defendant refused to accede to the request. Nevertheless, Plaintiffs failed to take any of these precautions. Nor do they now present any justification for their inaction which would incline the Court to grant a late inspection. Accordingly, the evidence supporting Defendant's position that all alleged barriers have been removed stands uncontroverted and, even assuming the barriers to access alleged in Plaintiffs' Complaint existed in March 2011, the present condition of the Dix Ellis Denny's affords Plaintiffs the substance of the relief requested:

> Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC;

> and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities . . . .

(Doc. 18 at 8).

As Plaintiffs were made aware in a prior suit, "[f]ederal courts have dismissed ADA claims as moot when the alleged violations have been remedied after the initial filing of a suit seeking injunctive relief." *Nat'l Alliance for Accessability, Inc. v. Walgreen Co.*, No. 3:10-cv-780-J-32-TEM, 2011 WL 5975809, at *3 (M.D. Fla. Nov. 28, 2011) (dismissing the instant plaintiffs' claims on mootness grounds in a similar suit). For a defendant's voluntary cessation of an offending practice to moot a case, it must be "*absolutely clear* that the allegedly wrongful behavior *could not reasonably* be expected to recur." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007) (internal quotation marks omitted; emphasis in *Sheely*). In making this determination, courts have considered: "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Id.*

Here, nothing in the record suggests that ADA non-compliance was a continuing and deliberate practice, or that cessation was merely timed to anticipate suit. On the contrary, the unrebutted evidence indicates that Defendant had arranged for a renovation of the Dix Ellis Denny's, conforming to the requirements of the ADA, prior to the filing of this suit. Indeed, after receiving notice of the action, Defendant took the extra step of ensuring that its contractor specifically addressed each issue listed in the complaint and expert inspection report. Regardless of whether the

6

defendant has acknowledged liability. "Defendant's actions reflect that it has taken full responsibility for ADA violations at its property and has acted promptly to correct them." *Access 4 All, Inc. v. Bamco VI, Inc.*, No. 11-61007-CIV, 2012 WL 33163, at *5 (S.D. Fla. Jan. 6, 2012). Moreover, in cases such as this, where a defendant has implemented structural modifications to comply with the ADA, courts have "generally found that the alleged discrimination cannot reasonably be expected to recur because structural modifications are unlikely to be altered in the future." *Nat'l Alliance for Accessability, Inc.*, 2011 WL 5975809, at *3 (internal quotation marks omitted) (listing cases).

Accordingly, it is **ORDERED**:

1. Plaintiffs National Alliance for Accessibility Inc. and Denise Payne's Motion for Leave to Conduct Second Rule 34 Inspection (Doc. 27, filed March 5, 2012) is **DENIED**;

2. Defendant Continental Foods, Inc. of Florida's Motion for Dismissal, or, in the alternative, for Summary Judgment (Doc. 24, filed February 15, 2012) is **GRANTED**. This action is deemed **MOOT** and, therefore, **DISMISSED** for lack of jurisdiction, or, in the alternative, Defendant's motion for summary judgment is **GRANTED**, as the unrebutted evidence establishes that Defendant's property is in compliance with the ADA; and

3. The Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ENTERED** at Jacksonville, Florida, this //⟨ day of April, 2012.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Thomas B. Bacon, Esq.
Benjamin D. Sharkey, Esq.
Colin Arvind Thakkar, Esq.